UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VIRGINIA M. ADAMS                                      CIVIL ACTION

VERSUS                                                 NO: 20-3030

COLUMBIA/HCA OF NEW                                    SECTION: "J"(1)
ORLEANS, INC. D/B/A LAKEVIEW
REGIONAL MEDICAL CENTER, A
CAMPUS OF TULANE MEDICAL
CENTER

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** filed by Defendant, Columbia/HCA of New Orleans, Inc. d/b/a Lakeview Regional Medical Center, A Campus of Tulane Medical Center ("Defendant"), incorrectly identified by Plaintiff as "Lakeview Regional Medical Center, LLC." Plaintiff, Virginia Adams, opposes the motion. (Rec. Doc. 9). Defendant filed a reply (Rec. Doc. 12). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This is an employment discrimination case in which Plaintiff alleges that she was wrongfully terminated on August 9, 2019, for taking prescribed medication to treat symptoms of her disability. After filing a claim with the EEOC, in which Plaintiff alleged that Defendant wrongfully discriminated against her due to her disability in violation of the ADA, the EEOC investigated her claims and

1

subsequently issued a "no cause" determination, dismissal, and notice of right to sue on August 10, 2020. On November 7, 2020, Plaintiff filed suit in this Court, alleging that Defendant discriminated against her due to her disability, failed to engage in the ADA's interactive process, failed to provide a reasonable accommodation for her disability, and interfered with her rights under the FMLA. Defendant responded by filing the instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff did not exhaust her failure to engage in the interactive process claim and failure to accommodate claim in her EEOC charge.

## **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

I. **CONSIDERATION OF THE EEOC CHARGE DOCUMENT**

As a preliminary matter, Defendant attached Plaintiff's EEOC charge as an exhibit to its motion to dismiss, which Plaintiff argues cannot be considered since it is evidence outside of the pleadings. (Rec. Doc. 6 at p. 10-12). Plaintiff is correct that the Court is normally "confined to reviewing the allegations in the plaintiff's complaint, including its attachments, when…ruling on a motion to dismiss under Rule 12(b)(6)." *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 Fed. App'x 617, 618 n. 1 (5th Cir. 2015). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). In the instant case, the EEOC charge attached to Defendant's motion to dismiss was referenced in Plaintiff's complaint and

is essential to determining whether Plaintiff exhausted her administrative remedies as required under the ADA. (Rec. Doc. 1, at ¶34).

Further, even if Plaintiff had not referenced the EEOC charge, the Court may take judicial notice of EEOC documents as a matter of public record if their authenticity is uncontested. *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 414 (E.D. La. 2016); *King v. Life School*, 809 F.Supp.2d 572, 579 (N.D. Tex. 2011); *Tucker v. Waffle House, Inc.*, No. CIV.A. 12-2446, 2013 WL 1588067, at *6 (E.D. La. Apr. 11, 2013). Plaintiff does not challenge the authenticity of the EEOC charge attached to Defendant's motion to dismiss. For these reasons, the Court concludes that it may consider the EEOC charge attached to Defendant's motion to dismiss.

## II. EXHAUSTION OF PLAINTIFF'S CLAIMS

A plaintiff may not file an ADA claim in federal court without first exhausting her statutorily required administrative remedies. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). After the exhaustion requirement is satisfied, any subsequent lawsuit under the ADA is restricted to the scope of the plaintiff's administrative charge and the EEOC investigation that can reasonably be expected to grow out of that charge. *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006). The scope of an EEOC complaint should be construed liberally. *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983). However, if a plaintiff fails to exhaust her administrative remedies, the court must dismiss the unexhausted claims on their merits. *Dao*, 96 F. 3d at 788-89.

4

In the present case, in the EEOC charge under the "Discrimination Based On" heading, Plaintiff checked the box for "Disability," which alone is insufficient to exhaust her failure to accommodate or failure to engage in the interactive process claims. *See Spindle v. CKJ Trucking, LP*, No. 4:18-CV-818, 2020 WL 1283519, at *2 (E.D. Tex. Mar. 18, 2020). Under the "Particulars" heading, Plaintiff submitted the following description of her alleged discrimination:

> I began my employment with Lakeview - a Campus of Tulane (HCA) on or around January 12, 2018 as a Lead Tech, earning $31.85 per hour. On July 26, 2019, I was having severe symptoms due to my disability and had to take prescribed medication. After having worked for 5 hours, Ms. Janelle Shemroske, the lab director directed me to go home for being under the influence of the prescribed medication. On July 31, 2019, Ms. Shemroske placed me on paid admin leave pending an investigation into my use of the prescribed medication. On August 9, 2019, I was discharged. The company employs over 500 employees.
>
> According to the company, I was discharged for violating their substance abuse policy.
>
> I have been discriminated against because of my disability in violation of the Americans with Disabilities Act; as amended.

(Rec. Doc. 6 at p. 10). Even construed liberally, nothing in this description references a failure to accommodate or failure to engage in the interactive process.

Plaintiff alleges in her complaint that Defendant was aware of her disability. (Rec. Doc. 1, at ¶11). However, the EEOC charge does not state that Defendant was aware of Plaintiff's disability. (Rec. Doc. 6 at p. 10). If an employer is unaware of a disability, then that employer cannot accommodate or engage in an interactive process to accommodate said disability. *See Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 791 (5th Cir. 2017) ("Employees who require accommodation due to a disability

5

are responsible for requesting a reasonable accommodation."). Thus, since Plaintiff did not provide the EEOC with any information indicating that Defendant was aware of her disability, the EEOC could not have conducted investigatory and conciliatory procedures regarding these charges. Allowing Plaintiff to raise these charges for the first time in federal court would be tantamount to circumventing the purpose of these administrative remedies. *See Pacheco*, 448 F.3d at 789 (analyzing the same process for Title VII claims). Therefore, since Plaintiff failed to exhaust her administrative remedies regarding her failure to accommodate claim and failure to engage in the interactive process claim, the Court must dismiss these claims on their merits. *Dao*, 96 F. 3d at 788-89.

Finally, in her opposition to the motion to dismiss, Plaintiff alleges that she filled out an EEOC questionnaire, which, upon information and belief, contains information regarding the events of Plaintiff's last day of work. (Rec. Doc. 9 at p. 6). EEOC questionnaires must be construed as part of the EEOC charge. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). Notably, however, there is no reference to such a questionnaire in the complaint, and Plaintiff failed to provide the Court with said questionnaire. Since the Court cannot evaluate evidence that has not been submitted to the Court, Plaintiff's speculation regarding the contents of the alleged questionnaire are irrelevant.

Plaintiff claims that she has requested a copy of her EEOC file, ostensibly to obtain a copy of this questionnaire. However, Plaintiff previously filed a motion to continue the submission date for this motion, which the Court granted; but that

6

motion to continue contained no reference to Plaintiff needing additional time to retrieve any evidence to respond to Defendant's motion to dismiss. (Rec. Docs. 4, 5). Further, Plaintiff could have filed subsequent motions to continue until she received her EEOC file, or Plaintiff could have requested her EEOC file before filing suit in this Court. In conclusion, since Plaintiff has not submitted the EEOC questionnaire to the Court, the Court will not consider its purported contents.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 6)** is **GRANTED**. Plaintiff's claims for failure to accommodate and failure to engage in the interactive process are hereby **DISMISSED with prejudice**.

New Orleans, Louisiana, this 29th day of January, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE