UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VIRGINIA M. ADAMS | CIVIL ACTION |
| VERSUS | NO: 20-3030 |
| COLUMBIA/HCA OF NEW ORLEANS, INC. D/B/A LAKEVIEW REGIONAL MEDICAL CENTER, A CAMPUS OF TULANE MEDICAL CENTER | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 14)** filed by Plaintiff, regarding this Court's Order granting Defendant's *Motion to Dismiss for Failure to State a Claim* (Rec. Doc. 6). Defendant filed an opposition (Rec. Doc. 16), and Plaintiff filed a reply (Rec. Doc. 19). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This is an employment discrimination case in which Plaintiff alleges that she was wrongfully terminated on August 9, 2019, for taking prescribed medication to treat symptoms of her disability. After filing a claim with the EEOC, in which Plaintiff alleged that Defendant wrongfully discriminated against her due to her disability in violation of the ADA, the EEOC investigated her claims and subsequently issued a "no cause" determination, dismissal, and notice of right to sue

1

on August 10, 2020. On November 7, 2020, Plaintiff filed suit in this Court, alleging that Defendant discriminated against her due to her disability, failed to engage in the ADA's interactive process, failed to provide a reasonable accommodation for her disability, and interfered with her rights under the FMLA. Defendant responded by filing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff did not exhaust her failure to engage in the interactive process claim and failure to accommodate claim in her EEOC charge.

The Court subsequently entered an interlocutory order granting the motion to dismiss and dismissing the aforementioned non-FMLA claims for Plaintiff's alleged failure to exhaust her administrative remedies. (Rec. Doc. 13). In response, Plaintiff filed the present motion for reconsideration and attached an EEOC questionnaire that was allegedly unavailable to Plaintiff prior to this Court's Order.

## **LEGAL STANDARD**

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.' *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Reconsideration of interlocutory orders under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Id.* Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990).

## **DISCUSSION**

A plaintiff may not file an ADA claim in federal court without first exhausting her statutorily required administrative remedies. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). After the exhaustion requirement is satisfied, any subsequent lawsuit under the ADA is restricted to the scope of the plaintiff's administrative charge and the EEOC investigation that can reasonably be expected to grow out of that charge. *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 2006). The scope of an EEOC complaint should be construed liberally. *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983). However, if a plaintiff fails to exhaust her administrative remedies, the court must dismiss the unexhausted claims on their merits. *Dao*, 96 F. 3d at 788-89.

In this case, Plaintiff argues that the EEOC questionnaire is evidence that she exhausted her administrative remedies. In Plaintiff's opposition to Defendant's motion to dismiss, Plaintiff referenced the EEOC questionnaire and alleged that, upon information and belief, it contained information regarding the events of Plaintiff's last day of work. (Rec. Doc. 9 at p. 6). Originally, the Court found this was insufficient to prevent the Court from granting Defendant's motion to dismiss because the EEOC questionnaire had not been submitted to the Court.

Defendant argues that the Court may not consider the EEOC questionnaire because it was not refenced in the complaint. However, the Court may take judicial notice of EEOC documents as a matter of public record if their authenticity is uncontested. *See O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 414 (E.D. La. 2016)

3

(internal citations omitted). Defendant does not appear to challenge the authenticity of the EEOC questionnaire attached to Plaintiff's motion for reconsideration. Thus, the Court finds that it may consider the EEOC questionnaire.

Plaintiff requested a copy of the EEOC questionnaire from the EEOC on September 25, 2020 but received no response. On December 2, 2020, Plaintiff filed a FOIA request, which was apparently granted on February 1, 2020, the same day that this Court granted Defendant's motion to dismiss. In response to this Court's Order, Plaintiff attached the EEOC questionnaire to her motion for reconsideration. Since Plaintiff apparently made significant efforts to retrieve the EEOC questionnaire prior to this Court's ruling and referenced her need for the questionnaire in her opposition to the motion to dismiss, the Court finds that Plaintiff has shown sufficient reasons to grant reconsideration under the relaxed standard of Rule 54(b).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration* **(Rec. Doc. 14)** is **GRANTED**. In light of this ruling, Defendant may file a renewed motion to dismiss.

New Orleans, Louisiana, this 2nd day of March, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE